Scofield, J.,
delivered the opinion of tbe court:
These cases involve tbe ownership of certain United States coupon bonds,
Tüe Manhattan Savings Institution claims them all, and.the several other parties claim tbe portions of them set forth in their respective petitions.
*420 The cases were transmitted to this court by the Secretary of the Treasury, under section 1063, Rev. Stat., in order that the ownership as between the contending parties might be judicially determined.
Prior to October 27, 1878, the said institution had in its possession and was the legal owner of all the bonds in controversy. On that day its banking-house was entered by burglars, who broke open the safe and stole a large quantity of bonds, including those in dispute.
Some months after the theft, the portions of the stolen bonds set forth in the petition of the several claimants were purchased by said claimants in good faith, at their full market value, and without any notice, knowledge, or suspicion that the same had been stolen.
Prior to these purchases the bonds had been called for payment by the Secretary of the Treasury and the call had matured. This fact is in part relied upon by the savings institution to defeat payment of them to the other claimants.
After the bonds were stolen, and before the claimants purchased them, the serial numbers of the bonds were altered. The alteration was so skillfully executed that it could only be detected by the use of a magnifying glass. This fact is also relied upon by the institution to defeat a recovery by the parties claiming adversely to itself.
The cases of J. S. Morgan & Co. and L. Von Hoffman & Co., involving the same questions of law and growing out of facts exactly similar, were tried in this court at its last term. In those cases the questions now raised here were presented, discussed, and ruled upon by this court (18 C. Gis. R., 386). The cases were appealed to the Supreme Court and the decisions of this court reversed (113 U. S. R., 476).
According to the decision of the Supreme Court in those cases, the pending cases must be ruled against the Manhattan Savings Institution and in favor of the other claimants. It is true, as stated in argument, that the effect of the alteration in the serial numbers on the bonds was not discussed in the opinion of the Supreme Court. In this court, however, the alterations were presented in the findings of fact, and discussed ■ and ruled upon in the opinion. In the Supreme Court, also, the alterations were mentioned with the other facts of the cases. Necessarily they constituted a factor in the decision.
*421 Guided by these opiuious of the Supreme Court, the Court of Claims decides that Brown, Riley & Co. are entitled to recover as principal $1,500, and as interest $32.25; E. D. Bangs & Co. are entitled to recover as principal $2,000, and as interest $44; Morton, Rose & Co. are entitled to recover as principal $1,000, and as interest $11.33; E. W. Clark & Co. are entitled to recover as principal $2,000, and as interest $25.67.
The petition of the Manhattan Savings Institution is dismissed.
Judgments will be entered in the several cases in accordance with these decisions.